IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ISMAEL HERNANDEZ PADILLA, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:17-CV-1910-N |
| ) | |
| CITY OF DALLAS, ET AL., ) | |
| Defendants. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

I.

Plaintiff, a state inmate, filed this action alleging the violation of his civil rights. Plaintiff seeks leave to proceed *in forma pauperis* under the provision of 28 U.S.C. § 1915. The Court finds Plaintiff's motion to proceed *in forma pauperis* should be denied.

Title 28 U.S.C. § 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a frequent litigant in this Court. *See, e.g., Padilla v. Stephens*, No. 3:14-CV-

**Findings, Conclusions and Recommendation
 of the United States Magistrate Judge     Page 1**

295-N-BH, 2014 WL 1016096, at *2 (N.D. Tex. Mar. 14, 2014) (recounting that, at that time, more than three years ago, Plaintiff already had "filed multiple federal habeas petitions challenging his convictions and the denial of parole that were either denied on their merits, denied as time barred, or dismissed or transferred to the Fifth Circuit as successive petitions."

The United States Court of Appeals for the Fifth Circuit has recognized that "Padilla has accumulated at least three strikes for purposes of 28 U.S.C. § 1915(g)." *Padilla v. Pride-Richardson*, 533 F. App'x 442, 442-43 (5th Cir. 2013) (per curiam) (citing *Padilla v. Watkins*, 491 F. App'x. 484, 485 (5th Cir. 2012), and "reiterat[ing] that Padilla is barred from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he 'is under imminent danger of serious physical injury.' § 1915(g).").

Here, Plaintiff claims he was wrongfully convicted. He sues the City of Dallas, the Dallas assistant district attorneys, the Director of the Dallas County Public Defender's Office, the Director of the Integrity Unit, the Police Chief, and the Dallas County judges. Plaintiff does not allege that he is under imminent danger of serious physical injury. The Court recommends that Plaintiff's motion to proceed *in forma pauperis* be DENIED.

II.

For the foregoing reasons, the Court recommends that the District Court deny Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). The Court further recommends that the District Court dismiss this action pursuant to § 1915(g), unless Plaintiff tenders the $400.00 filing fee to the District Clerk within fourteen (14) days of the filing of this

recommendation.

      Signed this 17th day of October, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).